or of Lewis, whose judgment is subsequent in time to the first.

The counsel for the partnership creditor contended: First. A debt against a partnership was joint and several, was the debt of each partner, and could be made out of the property of either. 3 Leigh, 548; 7 Leigh, 594; Colly. Partn. Second. That the judgment of the partnership creditor was a lien on all the lands of L. & A. from its date. Code Va. 1860, p. 77, § 6, and cases referred to in note. Third. That the 36th section of the bankrupt law provides for the distribution of the assets of the bankrupt arising from the sale of unincumbered property, and does not impair the lien of a judgment, as in a court of equity such distribution would be made preferring partnership and individual creditors where the proceeds arise from unincumbered property, yet when liens have been acquired before distribution is asked, those liens must be respected and discharged in full before distribution can be made. 4 Johns. Ch. 692, 620; 2 Hare & W. Lead. Cas. p. 312; 6 Barb. 470; 13 Grat. 615; 22 Pick. 450; 16 Pick. 572. Particularly, Straus v. Kerngood, 21 Grat. 584.

The counsel for the individual creditor insists that the 36th section did away with the liens; that the individual property must go to the payment of this individual debt, though that property was incumbered by a prior judgment.

E. E. Bouldin and I. H. Guy, for partnership creditors.

Messrs. Barksdale, Dabney, and others, for individual creditors.

## Case No. 8,314.

### In re LEWIS.

### [14 N. B. R. 144.] [1]

District Court, S. D. New York. Oct., 1874.

LEWIS, In re. See Cases Nos. 8,527 and 8,-528.

## Case No. 8,315.

### —— v. LEWIS.

### [1 Brunner, Col. Cas. 27; [2] 2 Hayw. (N. C.) 346.]

Circuit Court, D. North Carolina. June Term, 1805.

LIMITATIONS—RUNNING OF STATUTE DURING WAR.

The statute of limitations was suspended during the continuance of the war as to alien enemies disqualified to sue in our courts.

PER CURIAM. The act of 1715, whilst it was unrepealed, was suspended from its usual operation by the acts disqualifying British adherents to sue in our courts. It did not begin to operate as to such persons till the end of the war, and then if the seven years were not completed before it was repealed by the act of 1789 [1 Stat. 73], no bar could ever be operated under it. Lewis, the testator,

[1] [Reprinted by permission.]
[2] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

died in 1780; between the end of the war and 1789 were not seven years. The demurrer to the plea, stating these facts, and relying upon the act of 1715, must be allowed. Plea held good.